**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_Southern_    District of    _New York_
                              (State)

Case number (*if known*): _____    Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Latam Airlines Perú S.A. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | LAN |

| LAN Perú | LATAM AIRLINES Perú S.A. |
|---|---|
| LAN AIRLINES | LATAM AIRLINES |
| LATAM | |
| LATAM Perú | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 5  2  2  1  9  5  5  0  0 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| Avenida Andrés Reyes N°338 | |
| Number    Street | Number    Street |
| Piso 6 | |
| | P.O. Box |
| San Isidro            Peru | |
| City        State    ZIP Code | City        State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| | |
| County | Number    Street |
| | |
| | City        State    ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | www.latam.com |

| Debtor | Latam Airlines Perú S.A. | Case number (if known) |
|---|---|---|
| | Name | |

---

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>4</u>  <u>8</u>  <u>1</u>  <u>1</u>

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

| Debtor | Latam Airlines Perú S.A. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.  District _____ When _____ Case number _____
                                         MM / DD / YYYY

         District _____ When _____ Case number _____
                                         MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.  Debtor   See attached Schedule 1         Relationship   Affiliate
         District   Southern District of New York   When   Date hereof
                                                            MM / DD / YYYY
         Case number, if known _____

**11. Why is the case filed in *this district*?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                           Number        Street

                           _____

                           _____
                           City                              State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

         Contact name _____

         Phone _____

---

**Statistical and administrative information**

Debtor    Latam Airlines Perú S.A.
_____     Case number (if known)_____
       Name

**13. Debtor's estimation of available funds**

Check one:

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

(on a consolidated basis)

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☑ More than 100,000

**15. Estimated assets**

(on a consolidated basis)

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☑ $10,000,000,001-$50 billion
☐ More than $50 billion

**16. Estimated liabilities**

(on a consolidated basis)

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☑ $10,000,000,001-$50 billion
☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    05/26/2020
            MM  /DD /YYYY

✗ _____        Ramiro Alfonsín Balza
Signature of authorized representative of debtor        Printed name

Title    Authorized Signatory
     _____

---

| Debtor | Latam Airlines Perú S.A. | Case number (if known) |
|--------|--------------------------|------------------------|
|        | Name                     |                        |

**18. Signature of attorney**

✖    /s/ Lisa M. Schweitzer                      Date    05/26/2020

Signature of attorney for debtor                      MM  / DD / YYYY

Lisa M. Schweitzer

Printed name

Cleary Gottlieb Steen & Hamilton

Firm name

One Liberty Plaza

Number        Street

New York                                      NY          10006

City                                          State        ZIP Code

(212) 225-2641                               lschweitzer@cgsh.com

Contact phone                                 Email address

2837722                                       NY

Bar number                                    State

## SCHEDULE 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York. The Debtors have moved for joint administration of these cases for procedural purposes only under the case number assigned to the chapter 11 case of LATAM Airlines Group S.A.

1. LATAM Airlines Group S.A.

2. Lan Cargo S.A.

3. Transporte Aéreo S.A.

4. Inversiones Lan S.A.

5. Lan Pax Group S.A.

6. Fast Air Almacenes de Carga  S.A.

7. LATAM Travel Chile II S.A.

8. Technical Training LATAM S.A.

9. Lan Cargo Inversiones S.A.

10. Holdco Colombia I SpA

11. Holdco Colombia II SpA

12. Línea Aérea Carguera de Colombia S.A.

13. Aerovías de Integración Regional S.A.

14. Holdco Ecuador S.A.

15. LATAM Finance Ltd.

16. Peuco Finance Ltd.

17. LATAM Airlines Perú

18. Inversiones Aéreas S.A.

19. Mas Investment Ltd.

20. Lan Cargo Overseas Ltd.

21. LATAM Airlines Ecuador S.A.

22. Professional Airline Cargo Services, LLC

23. Cargo Handling Airport Services, LLC

24. Connecta Corporation

25. Prime Airport Services Inc.

26. Maintenance Service Experts, LLC

27. Lan Cargo Repair Station LLC

28. Professional Airline Maintenance Services LLC

29. Professional Airlines Services Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| Latam Airlines Perú S.A., | Case No.: 20-(___) |
| Debtor. | Joint Administration Pending |

## CORPORATE OWNERSHIP STATEMENT PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's equity interests:

| Shareholder | Approximate Percentage of Equity Interest Held |
|---|---|
| LATAM Airlines Group S.A. | 49%; LATAM Airlines Group S.A. also holds 99.89% of the equity interest in Lan Cargo S.A. |
| Inversiones Aéreas S.A. | 21% |
| Mas Investment Limited | Holds 100% of the equity interest of Inversiones Aéreas S.A. |
| Lan Cargo Overseas Limited | Holds 100% of the equity interest of Mas Investment Limited. |
| Lan Cargo S.A. | Holds 99.98% of the equity interest of Lan Cargo Overseas Limited. |
| Delta Air Lines, Inc. | Holds 19.99% of the equity interest of LATAM Airlines Group S.A. |
| Qatar Airways Investments (UK) Ltd. | Holds 10.00% of the equity interest of LATAM Airlines Group S.A. |
| Costa Verde Aeronautica S.A. | Holds 11.19% of the equity interest of LATAM Airlines Group S.A. |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| LATAM Airlines Group S.A., *et al.*, | Case No.:  20-(___) |
| Debtors.[1] | Joint Administration Pending |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING FIVE LARGEST SECURED CLAIMS

The following is a list of those creditors holding the five largest secured claims against the Debtors, on a consolidated basis, as of April 30, 2020.  This list has been prepared from the books and records of the Debtors for filing in the Debtors' chapter 11 cases.

The information set forth herein shall not constitute an admission of liability by, nor is binding on, the Debtors, nor shall it bind the Debtors or their estates as to the amount, nature and status of any claim.  The failure to list or designate any claim as contingent, disputed or subject to set off, recharacterization or other challenge shall not be a waiver of any of the Debtors' rights or defenses relating thereto.

---

[1]      The Debtors in these chapter 11 cases, and each Debtor's federal tax identification number (to the extent applicable), are as follows: LATAM Airlines Group S.A. (59-2605885); Lan Cargo S.A. (98-0058786); Transporte Aéreo S.A. (96-9512807); Inversiones Lan S.A. (96-5758100); Technical Training LATAM S.A. (96-847880K); LATAM Travel Chile II S.A. (76-2628945); Lan Pax Group S.A. (96-9696800); Fast Air Almacenes de Carga  S.A. (96-6315202); Línea Aérea Carguera de Colombia S.A. (26-4065780); Aerovías de Integración Regional S.A. (98-0640393); LATAM Finance Ltd. (N/A); LATAM Airlines Ecuador S.A. (98-0383677); Professional Airline Cargo Services, LLC (35-2639894); Cargo Handling Airport Services, LLC (30-1133972); Maintenance Service Experts, LLC (30-1130248); Lan Cargo Repair Station LLC (83-0460010); Prime Airport Services Inc. (59-1934486); Professional Airline Maintenance Services LLC (37-1910216); Connecta Corporation (20-5157324); Peuco Finance Ltd. (N/A); Latam Airlines Perú S.A. (52-2195500); Inversiones Aéreas S.A. (N/A); Holdco Colombia II SpA (76-9310053); Holdco Colombia I SpA (76-9336885); Holdco Ecuador S.A. (76-3884082); Lan Cargo Inversiones S.A. (96-9696908); Lan Cargo Overseas Ltd. (85-7752959); Mas Investment Ltd. (85-7753009); Professional Airlines Services Inc. (65-0623014).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is: 6500 NW 22nd Street Miami, FL 33131.

| Creditor/Address | Claim Amount | Debt Type | General Description of Collateral |
|---|---|---|---|
| Wilmington Trust Company<br>1100 North Market Street<br>Wilmington, DE 19890-1605<br>Attn: Corporate Trust Administration<br>Telephone: (302) 636-6000<br>Fax: (302) 636-4140 | $777,509,924 | EETC, Tranche A | (11) 321s,<br>(2) 350s,<br>(4) 787s |
| Citibank, N.A., Loan Administration<br>1615 Brett Road, OPS 3<br>New Castle, DE 19720<br>(302) 894-6010<br>(212) 994-0847<br>Attn: Owen Coyle | $603,162,619 | Revolving Loan Agreement | 26 Planes and 15 Engines and Spare Parts |
| Credit Agricole Corporate & Investment Bank<br>Credit Agricole Building<br>1301 Avenue of the Americas<br>SFI Agency & Middle Office, 20th Floor | $274,365,652 | Engine Loan Facility | 41 Engines |
| Wells Fargo Bank Northwest, National Association<br>260 North Charles Lindbergh Drive<br>Salt Lake City, UT 84116<br>Attn: Corporate Trust Lease Group<br>Telephone: (801) 246-5653<br>Fax: (801) 246-5630 | $276,870,256 | EXIM Aircraft Bond | (9) 767s |
| Natixis<br>30, Avenue Pierre Mendes France - 75013 Paris<br>BP 4 75060 Paris Cedex 02<br>542 044 524 RCS Paris<br>Attn: Julie Watremez | $242,989,785 | Aircraft Loan Agreement | (9) A321s |

| Fill in this information to identify the case and this filing: |
|---|

Debtor Name ___Latam Airlines Perú S.A.___

United States Bankruptcy Court for the: ___Southern___ District of ___New York___
                                                                                  (State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration___Corporate Ownership Statement; Top 5 Secured Creditors List___

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___05/26/2020___            ✗ _____
                 MM / DD / YYYY                     Signature of individual signing on behalf of debtor

                                         ___Ramiro Alfonsín Balza___
                                         Printed name

                                         ___Authorized Signatory___
                                         Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name: LATAM Airlines Group S.A., et al.

Bankruptcy Court for the Southern District of New York

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders          12/15

A list of creditors holding the 40 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 40 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | LATAM 2026 Notes 240 Greenwich Street 7E New York, NY 10286 | LATAM 2026 Notes Bank of New York Mellon, as Trustee Peter Lopez PHONE: + 1 212 815 8273 FAX: EMAIL: peter.lopez@bnymellon.com | UNSECURED NOTES | | | | $800,000,000.00 |
| 2 | LATAM 2024 Notes 240 Greenwich Street 7E New York, NY 10286 | LATAM 2024 Notes Bank of New York Mellon, as Trustee Peter Lopez PHONE: + 1 212 815 8273 FAX: EMAIL: peter.lopez@bnymellon.com | UNSECURED NOTES | | | | $700,000,000.00 |
| 3 | Banco Santander Chile Bandera N° 140 Santiago, Metropolitana Chile | Banco Santander Chile Maria Soledad Schuster PHONE: 56 (2) 2648 3669 Anexo 83669 FAX: EMAIL: mariasoledad.schuster@santander.cl | FREQUENT FLIER MILES | Contingent | | | $549,000,000.00 |
| 4 | Local Bonds, Series E Avenida Libertador Bernardo O'Higgins 1111 Santiago, Metropolitana Chile | Local Bonds, Series E Banco del Estado de Chile, as Trustee Francesca Gardella PHONE: (562) 2970 2610 FAX: EMAIL: fgarde@bancoestado.cl | UNSECURED NOTES | | | | $179,030,673.32 |
| 5 | Banco de Credito del Perú Calle Centenario 156 Lima, Lima Peru | Banco de Credito del Perú Gianfranco Piero Ferrari de las Casas, CEO PHONE: 51.1.313.2200 FAX: 51.1.313.2121 EMAIL: consultationsbcp@bcp.com.pe; reclamamos@bcp.com.pe | FREQUENT FLIER MILES | Contingent | | | $167,000,000.00 |
| 6 | Banco Santander Madrid Av. de Cantabria s/n 28660 Boadilla del Monte Madrid, Madrid Spain | Banco Santander Madrid Luis Casero Ynfiesta PHONE: +34 91 289 72 47 FAX: EMAIL: luis.casero@gruposantander.com | UNSECURED DEBT | | | | $139,500,000.00 |
| 7 | Local Bonds, Series A Avenida Libertador Bernardo O'Higgins 1111 Santiago, Metropolitana Chile | Local Bonds, Series A Banco del Estado de Chile, as Trustee Francesca Gardella PHONE: (562) 2970 6210 FAX: EMAIL: fgarde@bancoestado.cl | UNSECURED NOTES | | | | $89,515,336.66 |
| 8 | Local Bonds, Series B Avenida Libertador Bernardo O'Higgins 1111 Santiago, Metropolitana Chile | Local Bonds, Series B Banco del Estado de Chile, as Trustee Francesca Gardella PHONE: (562) 2970 6210 FAX: EMAIL: fgarde@bancoestado.cl | UNSECURED NOTES | | | | $89,515,336.66 |
| 9 | Scotiabank Chile Casa Matriz Av Costanera Sur 2710 Torre A Santiago Chile | Scotiabank Chile Federico Alonso PHONE: 416-866-6161 FAX: EMAIL: Federico.Alonso@scotiabank.cl | UNSECURED DEBT | | | | $74,000,000.00 |

The information set forth herein represents the Debtors' best efforts to identify the relevant claims, and shall not constitute an admission of liability by, nor is it binding on, the Debtors.  Furthermore, the failure to list a claim as contingent, disputed or subject to set off shall not be a waiver of any right of the Debtors' rights relating thereto.

Debtor LATAM Airlines Group S.A., et al.

Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 10 | Local Bonds, Series C<br>Avenida Libertador Bernardo O'Higgins 1111<br>Santiago, Metropolitana<br>Chile | Local Bonds, Series C<br>Banco del Estado de Chile, as Trustee<br>Francesca Gardella<br>PHONE: (562) 2970 6210 FAX:<br>EMAIL: fgarde@bancoestado.cl | UNSECURED NOTES | | | | $66,241,349.13 |
| 11 | Local Bonds, Series D<br>Avenida Libertador Bernardo O'Higgins 1111<br>Santiago, Metropolitana<br>Chile | Local Bonds, Series D<br>Banco del Estado de Chile, as Trustee<br>Francesca Gardella<br>PHONE: (562) 2970 6210 FAX:<br>EMAIL: fgarde@bancoestado.cl | UNSECURED NOTES | | | | $66,241,349.13 |
| 12 | Banco BTG Pactual Chile, as Agent<br>Avenida Costanera Sur 2730, 19th floor<br>Santiago, Metropolitana<br>Chile | Banco BTG Pactual Chile, as Agent<br>Rodrigo Oyarzo<br>PHONE: +56 22 587 5027<br>EMAIL: Rodrigo.Oyarzo@btgpactual.com | UNSECURED DEBT | | | | $59,438,183.54 |
| 13 | American Express Travel Related Services Company, Inc<br>200 Vesey Street<br>New York, NY 10285 | American Express Travel Related Services Company, Inc<br>Liliana Gutierrez<br>PHONE: +56 2 2783 8733<br>FAX:<br>EMAIL: liliana.w.gutierrez@aexp.com | UNSECURED DEBT | | | | $52,511,111.00 |
| 14 | Banco del Estado de Chile<br>Avenida Libertador Bernardo O'Higgins 1111<br>Santiago, Metropolitana<br>Chile | Banco del Estado de Chile<br>Francesca Gardella<br>PHONE: 56979695018<br>FAX:<br>EMAIL: fgarde@bancoestado.cl | UNSECURED DEBT | | | | $40,000,000.00 |
| 15 | BP p.l.c (Air BP)<br>501 Westlake Park Boulevard<br>Houston, TX 77079<br>United States | BP p.l.c (Air BP)<br>John  Platt, CEO<br>PHONE:  971 5 04536032<br>FAX: 971 4 3318628<br>EMAIL: airbpoutofhours@bp.com | TRADE DEBT | | | | $38,940,366.00 |
| 16 | World Fuel Services<br>9800 NW 41 Street, Suite 400.<br>Miami, FL 33178 | World Fuel Services<br>RICHARD HOPPE<br>PHONE: 1-305-799-3532<br>FAX:<br>EMAIL: RHoppe@wfscorp.com | TRADE DEBT | | | | $30,030,023.00 |
| 17 | Itaú CorpBanca<br>Avenida Presidente Riesco 5537, 16th Floor<br>Santiago, Metropolitana<br>Chile | Itaú CorpBanca<br>Carlos Irarrazaval<br>PHONE: 56961699692<br>FAX:<br>EMAIL: Carlos.Irarrazaval@itau.cl | UNSECURED DEBT | | | | $29,857,588.21 |
| 18 | Dirección General de Aeronáutica Civil<br>AV. Miguel Claro 1314<br>Providencia<br>Chile | Dirección General de Aeronáutica Civil<br>Victor Villalobos Collao<br>PHONE: 2-4392000<br>FAX:<br>EMAIL: victor.villalobos@dgac.gob.cl | TRADE DEBT | | | | $17,063,704.59 |
| 19 | Aerospace Turbine Services & Solutions<br>Adjacent Abu Dhabi Intl Airport Turbine Services Building<br>Gate Number 3<br>Abu Dhabi<br>United Arab Emirates | Aerospace Turbine Services & Solutions<br>Mansoor Janahi<br>PHONE: +971 (2) 5057887<br>FAX:<br>EMAIL: MJanahi@tssaero.ae | TRADE DEBT | | | | $16,632,517.20 |
| 20 | OneWorld<br>2 Park Avenue<br>Suite 1100<br>New York, NY 10016 | OneWorld<br>Rob Gurney, CEO<br>PHONE: 604-713-2660<br>FAX:<br>EMAIL: rob.gurney@oneworld.com | TRADE DEBT | | | | $14,753,378.00 |
| 21 | The Boeing Company<br>100 N Riverside Drive<br>Chicago, IL 60606 | The Boeing Company<br>Gayle K. Wilson<br>PHONE: 206-6629829<br>FAX:<br>EMAIL: gayle.k.wilson@boeing.com;<br>jessica.l.waddell@boeing.com | TRADE DEBT | | | | $16,167,786.00 |
| 22 | Etihad Airways Engineering<br>SN New Airport Road<br>P. O. BOX 35566<br>Khalifa City A<br>Abu Dhabi<br>United Arab Emirates | Etihad Airways Engineering<br>Frederic Dupont<br>PHONE: 971 56 685 0160<br>FAX:<br>EMAIL: FDUPONT@etihad.ae | TRADE DEBT | | | | $14,425,131.05 |
| 23 | Gate Gourmet US, Inc<br>1880 Campus Commons Drive<br>Suite 200<br>Reston, VA 20191 | Gate Gourmet US, Inc<br>Rodrigo Decerega<br>PHONE:  1 (786) 2572043<br>FAX:<br>EMAIL: rdecerega@gategroup.com | TRADE DEBT | | | | $13,975,615.00 |

Debtor LATAM Airlines Group S.A., et al.    Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 24 Regional One INC, Dash 24 LLC; Case: 2013-20319 CA 01 Lavalle, Brown & Ronan PA 750 South Dixey Highway Boca Raton, FL 33432 | Regional One INC, Dash 24 LLC; Case: 2013-20319 CA 01 Kenneth Ronan PHONE: 561-395-0000 FAX: EMAIL: kronan@lavallebrown.com | CONTINGENT LITIGATION | Contingent, Unliquidated, Disputed | | | $12,440,000.00 |
| 25 HSBC Bank Chile Av. Isidora Goyenechea 2800 Floor 23 Santiago, Metropolitana Chile | HSBC Bank Chile Alexandre Falcao PHONE: 212-525-4449 FAX: EMAIL: alexandre.p.falcao@us.hsbc.com | UNSECURED DEBT | | | | $12,000,000.00 |
| 26 Sistemas Globales Chile-Asesorias Limitada Av.Apoquindo Oficina S 3600 Las Condes Chile | Sistemas Globales Chile-Asesorias Limitada Natalia Croce PHONE: 2 - 24468423 FAX: EMAIL: natalia.croce@globant.com; Billing@globant.com | TRADE DEBT | | | | $11,906,629.20 |
| 27 Repsol S.A. 2455 Technology Forest Blvd The Woodlands, TX 77381 | Repsol S.A. Josu Jon Imaz San Miguel, CEO PHONE: 832-442-1000 FAX: EMAIL: infous@repsol.com; ralvarezp.ir@repsol.com | TRADE DEBT | | | | $11,135,377.56 |
| 28 Talma Servicios Aeroportuarios S.A. Av. Elmer Faucett 2879 Piso 4 Lima City, Callao 7031 Peru | Talma Servicios Aeroportuarios S.A. Entrevista a Arturo Cassinelli, CEO PHONE: 51 1 513 8900 Anexo 41123 / 41148 / 41140 FAX: EMAIL: anabel.ruiz@talma.com.pe;deisy.villar@talma.com.pe;eliza beth.pizarro@talma.com.pe;graciela.guillen@talma.com.p e;patricia.aranguren@talma.com.pe;rudi.landauro@talma. com.pe | TRADE DEBT | | | | $11,071,121.78 |
| 29 General Directorate for Competition of the European Commission Place Madou Madouplein 1 Brussels, Saint-Josse-ten-Noode 1210 Belgium | General Directorate for Competition of the European Commission Mr Olivier Guersent, Director General PHONE: +32-229-65414 FAX: EMAIL: Olivier.Guersent@ec.europa.eu | CONTINGENT LITIGATION | Contingent, Unliquidated, Disputed | | | $9,217,000.00 |
| 30 CFM International, Inc. One Neumann Way Cincinnati, OH 45215 | CFM International, Inc. Gaël Méheust, CEO PHONE: 513-552-3272 FAX: EMAIL: aviation.fleetsupport@ge.com | TRADE DEBT | | | | $7,458,917.21 |
| 31 AerCap 65 St. Stephen's Green AerCap House Dublin  D02 YX20 Ireland | AerCap Phil Scruggs (CCO) PHONE: 353-1-819-2010 FAX: EMAIL: akelly@aercap.com; pscruggs@aercap.com | TRADE DEBT | | | | $7,430,428.00 |
| 32 Petróleo Brasileiro S.A 200 Westlake Park Boulevard Suite 1000 Houston, TX 77079 | Petróleo Brasileiro S.A RODRIGO MOTTA GUIMARES PHONE: 5521996474208 FAX: EMAIL: rodrigo@br-petrobras.com.br | TRADE DEBT | | | | $7,226,085.75 |
| 33 Avolon 640 5th Ave 19th Floor New York, NY 10019 | Avolon John Higgins (CCO) PHONE: 646-609-8970 FAX: EMAIL: jhiggins@avolon.aero; fcampos@avolon.aero | TRADE DEBT | | | | $6,483,212.00 |
| 34 BBAM Aircraft Leasing & Management 50 California Street 14th Floor San Francisco, CA 94111 | BBAM Aircraft Leasing & Management Daniel Silberman PHONE: 415-267-1600 FAX: 415-618-3337 EMAIL: daniel.silberman@bbam.com | TRADE DEBT | | | | $6,329,142.68 |
| 35 Petróleos del Perú S.A. Av.Paseo De La Republica 3361 Sn  I Lima Peru | Petróleos del Perú S.A. ALONSO RIVERA PHONE: 996720438 FAX: EMAIL: arivera@petroperu.com.pe. | TRADE DEBT | | | | $5,499,404.73 |
| 36 Collins Aerospace 2730 W Tyvola Road 4 Coliseum Center Charlotte, NC 28217 | Collins Aerospace Stephen Ribaudo PHONE: 1 860 503 9729 FAX: EMAIL: stephen.ribaudo@collins.com. | TRADE DEBT | | | | $5,341,080.00 |
| 37 Everis Chile SA Libertador 8 Ohiggins 1449. 1449 Santiago Chile | Everis Chile SA Juan Pablo Buiatti PHONE: 2-4215300 FAX: EMAIL: juan.pablo.buiatti.dal.pietro@everis.com; chile.finances@everis.com. | TRADE DEBT | | | | $4,815,827.57 |
| 38 CAE, Inc. Emirates Aviation College Bldg Dubai United Arab Emirates | CAE, Inc. Michel Azar-Hmouda PHONE: 1 972 456-8070 FAX: EMAIL: michel.azarhmouda@cae.com | TRADE DEBT | | | | $4,672,327.00 |
| 39 Organización Terpel S.A. Av Eldorado, 99. Bogota Colombia | Organización Terpel S.A. LILIANA TOVAR SILVA PHONE: 315-355-4671 FAX: EMAIL: ltovar@terpel.com. | TRADE DEBT | | | | $4,653,261.27 |

Debtor LATAM Airlines Group S.A., et al.

Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 40        Empresa Argentina de Navegación Aérea Rivadavia  578 3nd Piso Buenos Aires, AAQ C-100 2 Argentina | Empresa Argentina de Navegación Aérea Cristian Arnau PHONE: FAX: EMAIL: carnau@eana.com.ar | TRADE DEBT | | | | $4,215,496.00 |

| JUNTA GENERAL DE ACCIONISTAS | GENERAL SHAREHOLDERS MEETING |
|---|---|
| En Lima, el 25 de mayo de 2020, siendo las 16:20, se reunió en Av. Andrés Reyes No. 338, Piso 6, San Isidro, Lima, la junta general de accionistas de Latam Airlines Perú S.A. (en adelante, la "Sociedad"), con la asistencia de los siguientes accionistas: | In Lima, on May 25, 2020, at 16:20, in Andrés Reyes Ave 338, 6th Floor, San Isidro, Lima, a meeting the shareholders of Latam Airlines Perú S.A. (henceforth, the "Company"), with the participation of the following shareholders: |
| - **Latam Airlines Group S.A.**, titular de 76,489 acciones con derecho a voto, de un valor nominal de S/ 100.00 cada una, íntegramente suscritas y totalmente pagadas, representada por Antonio Olórtegui Marky, según carta poder que se leyó y archivó. | - **Latam Airlines Group S.A.**, with 76,489 voting shares, with a nominal value of S/ 100.00 each, fully subscribed and paid for, represented by Antonio Olórtegui Marky, as per proxy letter that was read and filed. |
| - **Inversiones Aéreas S.A.**, titular de 32,781 acciones con derecho a voto, de un valor nominal de S/ 100.00 cada una, íntegramente suscritas y totalmente pagadas, representada por Antonio Olórtegui Marky, según carta poder que se leyó y archivó. | - **Inversiones Aéreas S.A.**, with 32,781 voting shares, with a nominal value of S/ 100.00 each, fully subscribed and paid for, represented by Antonio Olórtegui Marky, as per proxy letter that was read and filed. |
| - La **Sociedad Conyugal** conformada por Cesar Emilio Rodríguez – Larraín Salinas y Victoria Eugenia de los Milagros Miro Quesada Martens, titular de 46,830 acciones con derecho a voto, de un valor nominal de S/ 100.00 cada una, íntegramente suscritas y totalmente pagadas, representada por Antonio Olórtegui Marky, según carta poder que se leyó y archivó. | - The **Conjugal Partnership** of Cesar Emilio Rodríguez – Larraín Salinas and Victoria Eugenia de los Milagros Miro Quesada Martens, with 46,830 voting shares, with a nominal value of S/ 100.00 each, fully subscribed and paid for, represented by Antonio Olórtegui Marky, as per proxy letter that was read and filed. |
| Se deja constancia de que las acciones concurrentes son las que, a la fecha de la presente junta, ha emitido la Sociedad y representan el capital inscrito a la fecha. No se toman en cuenta las acciones derivadas del aumento de capital acordado por las Juntas Generales de Accionistas de los días 18 y 19 de mayo de 2020, por encontrarse dichos actos pendientes de inscripción. Los accionistas beneficiarios de dicho aumento, manifiestan su conformidad con lo antes señalado. | It is hereby declared that the aforementioned shares are the shares that to date, have been issued by the Company, and that represent the recorded capital. The shares derived from the capital increase agreement adopted by the Generals Shareholders' Meetings that took place on May 18 and 19, 2020 shall not be taken into account, as said agreements are pending registration. The shareholders' that benefitted from said capital increase manifest their agreement to the aforementioned. |

Actuó como Presidente y como Secretario el señor Antonio Olórtegui Marky por acuerdo unánime de los asistentes.

Luego de constatar que estaban representados los accionistas titulares del íntegro de las acciones suscritas con derecho a voto emitidas por la Sociedad, y que estos aceptaran por unanimidad celebrar una junta y tratar la agenda propuesta por el Presidente, se declaró a la presente junta válidamente constituida y en funcionamiento, de conformidad con lo señalado en el artículo 120° de la Ley General de Sociedades.

<u>AGENDA</u>

1. **Sometimiento de la Sociedad a un proceso voluntario de reorganización en los Estados Unidos.**

2. **Formalización de Acuerdos**

<u>**DESARROLLO DE LA JUNTA**</u>

1. **Sometimiento de la Sociedad a un proceso voluntario de reorganización en los Estados Unidos.**

Tomó la palabra el Presidente para indicar que:

i) El 11 de marzo de 2020, la Organización Mundial de la Salud declaró el brote generalizado del reciente COVID-19 como pandemia mundial. Durante las semanas que le siguieron a dicha declaración, los países de todo el mundo, incluyendo cada uno de aquellos en los que Latam Airlines Group S.A. y sus personas relacionadas ("LATAM") tienen sus operaciones principales, anunciaron severas restricciones de viaje y/o cierre directo de sus fronteras. El impacto en la industria aérea fue casi instantáneo, y en abril de 2020, los vuelos de transporte de pasajeros se redujeron a

Antonio Olórtegui Marky acted as Chairmand and Secretary by unanimous agreement of the atendees.

After confirming that the represented shareholders who own all of the suscribed and voting shares issued by the Company, and that they unanimously agree to have this meeting and address the agenda proposed by the Chairman, this meeting of the shareholders was declared validly constituted and in session, in accordance with article 120° of the General Law of Corporations.

<u>AGENDA</u>

1. **Submission of the Company to a voluntary reorganization proceeding in the United States.**

2. **Formalization of Agreements**

<u>**DEVELOPMENT OF THE MEETING**</u>

1. **Submission of the Company to a voluntary reorganization proceeding in the United States.**

The Chairman began the meeting by indicating that:

i) On March 11, 2020 the World Health Organization declared the widespread outbreak of the novel COVID-19 a global pandemic. Over the intervening weeks, countries around the world, including each of those in which Latam Airlines Group S.A. and its affiliates ("<u>LATAM</u>") have their primary operations, announced severe travel restrictions and/or outright closure of their borders. The impact on the airline industry was almost instantaneous, and as of April 2020, LATAM's passenger flights are limited to roughly 4% of LATAM's routes prior to the COVID-19 crisis.

aproximadamente un 4% de las rutas de LATAM previo a la crisis del COVD-19.

ii) A pesar de tomar medidas significativas de ahorro de costos y preservación de liquidez, la posición de liquidez de la Sociedad ha seguido deteriorándose a raíz de la pandemia COVID-19.

iii) Los accionistas han revisado y tuvieron la oportunidad de hacer preguntas sobre los antecedentes suministrados por la administración y los asesores legales y financieros de la Sociedad y sus personas relacionadas en relación a los pasivos y la liquidez de la misma, las alternativas estratégicas disponibles para ella, y el impacto de lo anterior en su negocio.

iv) Los accionistas han consultado a la administración y los asesores legales y financieros de la Sociedad y sus personas relacíonadas y, habiendo considerado en su totalidad cada una de las alternativas estratégicas disponibles, han concluido que es deseable y en el mejor interés de la Sociedad, sus acreedores y otros interesados, presentar una solicitud voluntaria de amparo conforme al Chapter 11 (según se define más adelante)

v) El Procedimiento Chapter 11 (según se define a continuación) representa la mejor oportunidad de la Sociedad para asegurar la estabilidad y cumplir con sus obligaciones con sus partes interesadas. La Sociedad tiene la intención de utilizar las herramientas sustantivas y de procedimiento disponibles en el Procedimiento Chapter 11 para maximizar la eficiencia de sus operaciones en curso y renegociar ciertas relaciones contractuales clave a la luz de las condiciones actuales del mercado.

En esa medida, se ha llegado a la conclusión de que, dada la naturaleza internacional de la actividad y operación de la Sociedad y de las entidades

ii) Despite undertaking meaningful cost-saving and liquidity preserving measures, the Company's liquidity position has continued to deteriorate in the wake of the COVID-19 pandemic.

iii) The shareholders of the Company reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's business.

iv) The shareholders consulted with the management and the financial and legal advisors of the Company and, having considered fully each of the strategic alternatives available to it, have concluded that it is desirable and in the best interests of the Company, its creditors and other interested parties, to file a voluntary petition for relief under Chapter 11 (as defined below).

v) The Chapter 11 Proceeding (as defined below) represents the Company's best opportunity to ensure stability and meet its obligations to its stakeholders. The Company intends to use the substantive and procedural tools available in the Chapter 11 Proceeding to maximize the efficiency of its ongoing operations and renegotiate certain key contractual relationships in light of current market conditions.

As such, it has been concluded that, given the international nature of the Company's

relacionadas a ésta, es aconsejable que se inicie un procedimiento de amplio alcance que permita una reorganización y reestructuración global de las actividades de las diferentes empresas involucradas, incluyendo la Sociedad. En tal sentido, el Presidente señaló que tras cuidadosa evaluación de la situación concreta, es deseable y en el mejor interés de Sociedad y sus acreedores, empleados y otras partes interesadas, solicitar el comienzo de un procedimiento de reorganización bajo el Chapter 11 (conforme dicho término se define más adelante). Asimismo, el Presidente señaló que sería necesario otorgar poderes para tal fin.

Luego de deliberar sobre el particular, la junta general de accionistas acordó, por unanimidad, lo siguiente:

A. Someter a la Sociedad a un proceso de reorganización (el "Procedimiento Chapter 11") en los Estados Unidos de América conforme a las normas establecidas en el Capítulo 11 ("Chapter 11") del Título 11 del Código de los Estados Unidos de América (el "Bankruptcy Code"), presentando una solicitud voluntaria de amparo (*voluntary petition relief*) conforme al mismo en el distrito y el momento que sea determinado por la persona que suscriba la solicitud.

B. Facultar a Roberto Alvo Milosawlewitsch, Ramiro Alfonsín Balza, Juan Carlos Menció, Andrés Del Valle Eitel, José María Eyzaguirre Baeza y Manuel Pablo Van Oordt Fernández identificado con DNI 09340141 (los "Representantes") para que cada uno de ellos actuando individualmente o en forma conjunta pueda, en nombre y representación de la Sociedad:

activity and operation, and that of its related entities, it is advisable that a far-reaching procedure be initiated that would allow a global reorganization and restructuring of the activities of the different entities involved, including the Company. Therefore, the Chairman indicated that after careful evaluation of the situation, it is desirable and in the best interests of the Company and its creditors, employees and other interested parties, to file a voluntary petition for relief under Chapter 11 (as defined below).

After deliberating on the above, the meeting of the shareholders unanimously agreed the following:

A. To submit the Company to a reorganization proceeding (the "Chapter 11 Proceeding") in the United States of America pursuant to the rules set forth in Chapter 11 ("Chapter 11") of Title 11 of the United States Code (the "Bankruptcy Code"), by filing a voluntary petition for relief thereunder in any district at such time as the person executing such petition shall determine.

B. To authorize Roberto Alvo Milosawlewitsch, Ramiro Alfonsín Balza, Juan Caros Mencio, Andrés del Valle Eitel, José María Eyzaguirre Baeza and Manuel Pablo Van Oordt Fernández identified with Peruvian ID 09340141 (the "Representatives") so that each of them acting alone or together may, on behalf of and representing the Company:

i) autorizar, suscribir y presentar todas las solicitudes, peticiones, anexos, mociones, listados, alegatos, documentos y otros antecedentes, suscribir acuerdos, extender documentos, realizar declaraciones y presentaciones, participar en audiencias y tomar todas y cada una de las medidas que considere necesarias o apropiadas para presentar una solicitud voluntaria de amparo (*voluntary petition relief*) bajo el Chapter 11, y adoptar e implementar todos y cualesquiera actas y escrituras que ellos puedan considerar necesarias, pertinentes o deseables en relación con el Procedimiento Chapter 11, encaminadas al éxito del mismo, incluyendo, sin limitación, la realización de cualquier acción necesaria para mantener el curso ordinario y la continuidad de la operación de los negocios de la Sociedad, sea frente a un tribunal federal de los Estados Unidos de América o frente a cualquier otro tribunal o autoridad que corresponda conforme a las reglas que rigen el Procedimiento Chapter 11; y

ii) obtener financiamiento posterior a la solicitud de reorganización bajo el Procedimiento Chapter 11 (el "Financiamiento DIP") y, de corresponder, el uso de garantías en efectivo, en términos sustancialmente similares a los presentados a los accionistas en esta Junta, y sujeto a los términos y condiciones precedentes adicionales que se establezcan en la documentación definitiva, y en relación con ello, (a) negociar, ejecutar, otorgar y presentar frente a tribunales o autoridades (según fuere necesario) los contratos de crédito correspondientes, garantías, contratos de garantía,

i) authorize, execute and file all applications, petitions, schedules, motions, lists, pleadings, documents and other papers, enter into agreements, issue documents, make statements and filings, participate in hearings and take any and all actions that they deem necessary or appropriate to file the voluntary petition for relief under Chapter 11, and take and perform any and all further acts and deeds that they deem necessary, proper and desirable in connection with the Chapter 11 Proceeding, with a view towards the successful prosecution of such case, including, without limitation, any action necessary to maintain the ordinary course and continuity of the operation of the Company's business, whether before a federal court of the United States of America or any other court or governmental entity under the rules governing the Chapter 11 Proceeding; and

ii) obtain post-petition financing (the "DIP Financing") and, if applicable, cash collateral usage on terms substantially in the form of such terms presented to the Shareholders on this meeting, and subject to the further terms and conditions precedent set forth in the definitive documentation, and in connection therewith, (a) negotiate, execute deliver and file (as necessary) appropriate loan agreements, guarantees, security agreements, notes, cash collateral agreements and related ancillary documents, certificates and instruments, and with respect to each of the foregoing, and any

notas, contratos de garantía en efectivo y los documentos relacionados, certificados e instrumentos, y con respecto a cada uno de los anteriores, y cualquier modificación, suplemento, extensión o renovación de los mismos (conjuntamente, los "Documentos del Crédito DIP"), (b) dar garantías en favor de uno o más agentes, en beneficio de los financistas bajo los mismos, dar otras seguridades para el Financiamiento DIP, (c) negociar, ejecutar, entregar o archivar (según sea necesario) cada contrato, instrumento o documento que sea negociado, suscrito, entregado o presentado (según sea necesario) (conjuntamente con los Documentos del Crédito DIP, los "Documentos DIP"), en nombre y representación de la Sociedad, de conformidad con o en relación con el mismo, y (d) cumplir sus obligaciones bajo los Documentos DIP y suscribir todos los actos, y negociar y pagar cualquier honorario, impuestos u otros gastos, en cada caso, en los términos y condiciones que el Representante que los ejecute considere necesario, adecuado o deseable, todo ello con los cambios y adiciones que cualquier Representante apruebe, lo que quedará demostrado por el solo hecho de ejecutarse dichos actos.

Los Representantes quedan expresamente autorizados para delegar los poderes conferidos mediante la presente resolución

C.  Autorizar a los Representantes para que ejerzan los derechos que correspondan a la Sociedad en su calidad de accionista, miembro, socio o inversionista respecto de cualquiera de sus filiales y coligadas, de haberlas, con el fin de

amendments, supplements, modifications, extensions and renewals thereto (collectively, the "DIP Facility Documents"), (b) grant security interests in favor of the agent(s), for the benefit of the lenders thereunder, to secure the obligations under the DIP Facility, (c) to negotiate, execute, deliver or file (as necessary) each other agreement, instrument or document to be negotiated, executed, delivered or filed (as necessary), (together with the DIP Facility Documents, the "DIP Documents") in the name and on behalf of the Company, pursuant thereto or in connection therewith, and (d) perform its obligations under the DIP Documents and take any other actions, and negotiate and pay all fees, taxes and other expenses in connection with the foregoing; in each instance, on such other terms and conditions as such Representative executing the same may consider necessary, proper or desirable ,all with such changes therein and additions thereto as any Representative approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

The Representatives are expressly authorized to delegate the authority hereby granted to them

C.  To authorize the Representatives to exercise the rights of the Company in its capacity as a shareholder, member, partner or investor with respect to any of its subsidiaries and related companies for the purpose of submitting all or part of such

someter todas o algunas de dichas sociedades al Procedimiento Chapter 11, incluyendo mediante la autorización, suscripción y verificación de una solicitud voluntaria para comenzar un procedimiento bajo el Chapter 11, causando que la misma sea presentada y tomando todas y cada una de las acciones que consideren necesarias, pertinentes y deseables en relación con el procedimiento del Chapter 11. Se deja constancia que los Representantes estarán facultados para realizar dicha evaluación y tomar la decisión de someter una o más de dichas sociedades al Procedimiento Chapter 11 conforme a lo expuesto en forma discrecional.

D. Contratar y mantener a los siguientes asesores en las calidades que en cada caso se identifican (los "Asesores"), para todos los efectos del Procedimiento Chapter 11 y materias relacionadas:

i) Al estudio de abogados Claro & Cía., para que, en coordinación con el estudio de abogados Cleary, Gottlieb, Steen & Hamilton LLP asesore a la Sociedad en la evaluación, coordinación general, presentación, ejecución, negociación y finalización del Procedimiento Chapter 11 y todos los demás procesos relacionados con el mismo y en cualquier procedimiento concursal en que tenga interés la Sociedad.

ii) Al estudio de abogados Cleary, Gottlieb, Steen & Hamilton LLP como asesor legal general en el contexto del Procedimiento Chapter 11, para que en esta calidad y en coordinación con el estudio de abogados Claro &

companies to the Chapter 11 Proceeding, including by authorizing, executing and verifying a voluntary petition to commence proceedings under Chapter 11, causing the same to be filed and taking any and all action that they deem necessary, proper and desirable in connection with the Chapter 11 Proceeding. It is resolved that the Representatives shall have the authority to make such assessment and to decide whether to submit one or more such companies to the Chapter 11 Proceeding at their discretion.

D. To hire and retain the following advisors in the following capacities (the "Advisors"), for all purposes of the Chapter 11 Proceeding and related matters:

i) The law firm Claro & Cía., to, in coordination with the law firm Cleary, Gottlieb, Steen & Hamilton LLP, advise the Company in the assessment, general coordination, filing, execution, negotiation and completion of the Chapter 11 Proceeding and all other proceedings related thereto and any bankruptcy proceedings in which the Company may have an interest.

ii) The law firm Cleary, Gottlieb, Steen & Hamilton LLP as lead counsel in the context of the Chapter 11 Proceeding, in such capacity and in coordination with the law firm Claro & Cía., to represent and assist the

Cía., represente y asista a la Sociedad en el desempeño de sus funciones y deberes bajo el *Bankruptcy Code* y en asuntos relacionados, y en la adopción de todas y cada una de las medidas adecuadas para ejercer los derechos y obligaciones de la Sociedad en tales asuntos, incluida la presentación de solicitudes y la realización de alegatos.

iii) Al estudio de abogados Rodrigo, Elías & Medrano Abogados para que en coordinación con los estudios de abogados Claro & Cía. y Cleary Gottlieb, Steen & Hamilton LLP, asesore a la Sociedad en Perú en lo relativo al desempeño de sus funciones y deberes bajo el Bankruptcy Code y en asuntos relacionados, y en la adopción de todas y cada una de las medidas que sean adecuadas o pertinentes en Perú para ejercer los derechos y obligaciones de la Sociedad en tales asuntos. Al efecto, Rodrigo, Elías & Medrano Abogados podrá otorgar poderes a sus abogados.

iv) Al estudio de abogados Togut, Segal & Segal, LLP como asesor de conflictos en el contexto del Procedimiento Chapter 11, para que en tal condición y en coordinación con los estudios de abogados Claro & Cía. y Cleary, Gottlieb, Steen & Hamilton LLP, represente y asista a la Sociedad en el desempeño de sus funciones y deberes bajo el *Bankruptcy Code* y asuntos relacionados, y en la adopción de todas y cada una de las medidas adecuadas para ejercer los derechos y

Company in the performance of its functions and duties under the Bankruptcy Code and related matters, and in the taking of any and all appropriate actions to advance the rights and obligations of the Company in connection therewith, including the filing of applications and pleadings.

iii) The law firm Rodrigo, Elías & Medrano Abogados to, in coordination with the law firms Claro & Cía. and Cleary, Gottlieb, Steen & Hamilton LLP, advise the Company in Perú in the performance of its functions and duties under the Bankruptcy Code and related matters, and in the taking of any and all appropriate actions to advance the rights and obligations of the Company in Perú in connection therewith. To that effect, Rodrigo, Elías & Medrano Abogados may grant powers of attorney to its attorneys.

iv) The law firm Togut, Segal & Segal, LLP as conflicts counsel in the context of the Chapter 11 Proceeding, in such capacity and in coordination with the law firms Claro & Cía. and Cleary, Gottlieb, Steen & Hamilton LLP, to represent and assist the Company in the performance of its functions and duties under the Bankruptcy Code and related matters, and in the taking of any and all appropriate actions to advance the rights and obligations of the Company in connection therewith,

obligaciones de la Sociedad en tales asuntos, incluida la presentación de solicitudes y la realización de alegatos.

v) FTI Consulting, Inc. como asesor financiero en relación a las materias propias del Procedimiento Chapter 11 para representar y asistir a la Sociedad en el desempeño de sus funciones y deberes bajo el *Bankruptcy Code.*

vi) PJT Partners, Inc. como asesor financiero en relación con los asuntos relativos al procedimiento del Chapter 11 para representar y ayudar a la Sociedad en el desempeño de sus deberes y funciones bajo el *Bakruptcy Code.*

vii) Prime Clerk LLC, como agente de avisos y reclamaciones, para representar y asistir a la Sociedad en el desempeño de sus funciones y deberes bajo el *Bankruptcy Code* y en asuntos relacionados, y en la toma de todas y cada una de las acciones apropiadas para ejercer los derechos y obligaciones de la Sociedad en tales asuntos.

viii) Cualquier otro asesor legal, contable, asesor financiero u otro profesional que represente y asista a la Sociedad en el desempeño de sus funciones y deberes bajo el *Bankruptcy Code*, y en la toma de todas y cada una de las acciones apropiadas para ejercer los derechos y obligaciones de la Sociedad en tales asuntos; lo anterior a discreción de los Representantes.

including the filing of applications and pleadings.

v) FTI Consulting, Inc. as financial advisor in connection with matters pertaining to the Chapter 11 Proceeding to represent and assist the Company in the performance of its duties and functions under the Bankruptcy Code.

vi) PJT Partners, Inc. as financial advisor in connection with matters pertaining to the Chapter 11 Proceeding to represent and assist the Company in the performance of its duties and functions under the Bankruptcy Code.

vii) Prime Clerk LLC, as notice and claims agent, to represent and assist the Company in the performance of its functions and duties under the Bankruptcy Code and related matters, and in the taking of any and all appropriate actions to advance the rights and obligations of the Company in connection therewith.

viii) Any other legal counsel, accountants, financial advisors or other professionals to represent and assist the Company in the performance of its duties and functions under the Bankruptcy Code, and in the taking of any and all appropriate actions to advance the rights and obligations of the Company in connection therewith; the foregoing at the discretion of the Representatives.

Los Representantes quedan autorizados, facultados e instruidos para celebrar contratos de asesoría y prestación de servicios con los Asesores, incluyendo los acuerdos de retención que sean necesarios, para pagar los anticipos correspondientes y para hacer que se presente una solicitud apropiada de autorización para contratar los servicios de dichos Asesores.

E. Otorgar poderes judiciales sin limitación respecto a su cuantía a los abogados Luis Guillermo Puelles Olivera, identificado con DNI No. 09872731 y Sabrina Alessandra Montoya Ibáñez, identificada con DNI No. 45295782 (en adelante, los anteriores conjuntamente serán referidos como los "Apoderados Procesales"); todos domiciliados para estos efectos en Avenida San Felipe 758, distrito de Jesús María, provincia y departamento de Lima, para que, actuando indistintamente de manera conjunta o separada, representen a la Sociedad ante todo y cualquier tribunal y en todo proceso, de cualquier tipo y naturaleza.

En ese sentido, los Apoderados Procesales podrán, individualmente y a sola firma, representar a la Sociedad con las más amplias facultades generales y especiales en materia judicial o pre-judicial, en los procesos o actos procesales, contenciosos o no, de carácter civil, arbitral u otra materia; pudiendo formular y contestar denuncias, interponer y contestar demandas de modo escrito u oral; reconvenir; prestar confesión o declaración como parte o como tercero; reconocer o exhibir documentos y actuar o participar en la actuación de toda clase de medios probatorios, incluso de

The Representatives are authorized, empowered and instructed to enter into advisory and service contracts with the Advisors, including appropriate retention agreements, to pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of such Advisors.

E. Grant powers of attorney, without limitation with respect to the amount at stake, to the attorneys at law to the attorneys at law Messrs. Luis Guillermo Puelles Olivera identified with Peruvian ID No 09872731 and Sabrina Alessandra Montoya Ibañez, identified with Peruvian ID No. 45295782 (the foregoing will hereinafter jointly be referred to as the "Procedural Representatives"); all domiciled for these purposes at Avenida San Felipe 758, Jesus María, province and department of Lima so that, acting indistinctively jointly or separately, they may represent the Company before any court and in any proceeding of any kind and nature.

In that sense, the Procedural Representatives, acting individually and with sole signature, will be able to represent the Company with the broadest general and special faculties in judicial or pre-judicial matters, in proceedings or acts of a civil, procedural, administrative, arbitral or of any other nature; to formulate and reply complaints, file and respond lawsuits, written or oral; counterclaim; confess or make statements as a participating party or third party; recognize or exhibit documents and participate in matters of evidence, including anticipated evidence and judicial

prueba anticipada y audiencias judiciales; personarse en diligencias o audiencias de cualquier clase; interponer recursos de reconsideración, reposición, de apelación, de casación, de queja y de nulidad y demás recursos impugnatorios en cualquier tipo de procesos; desistirse de la demanda o reclamo, allanarse a ellos total o parcialmente o transigir pretensiones o derechos, y en general, ejercer todas aquellas facultades generales y especiales señaladas en los artículos 74°, 75° y demás aplicables del Código Procesal Civil.

Las facultades otorgadas incluyen expresa, literalmente y sin carácter limitativo, la facultad de presentar la solicitudes de conciliación extrajudicial, ser invitado a cualquier procedimiento de conciliación extrajudicial, participar en las audiencias respectivas y conciliar extrajudicialmente, debiendo entenderse que la misma implica la posibilidad de participar en todo el procedimiento a fin de disponer del derecho materia de conciliación, conforme a los términos del artículo 13° del Decreto Supremo N° 014-2008-JUS (Reglamento de la Ley de Conciliación Extrajudicial). Así, queda expresamente establecido que las facultades otorgadas no podrán ser cuestionadas por insuficientes, debiéndose, en todo procedimiento de conciliación extrajudicial y sin ser relevante la materia específica, tenerse por cumplidos los requisitos previstos en la norma anteriormente mencionada.

Además, los Apoderados Procesales quedan explícitamente facultados para representar a la Sociedad ante cualquier autoridad administrativa y, en especial mas no

hearings; participate in procedural acts or hearings of any type; file remedies, reconsiderations, repositions, appeals, cassations, complaints, nullities and any other resources; desist from the lawsuit or complaint, acquiesce the lawsuit or complaint fully or partially or compromise on petitions or rights; and in general, exercise all the faculties set out in articles 74° and 75° of the Code of Civil Procedures.

The authority granted include expressly and literally, without limitations, the ability to present requests for extrajudicial settlement, being invited to participate in any procedure of extrajudicial settlement, participate in the respective hearings and settle out of court, which includes the possibility of participating in the entire proceeding regarding the rights subject to settlement, in accordance with the terms of article 13° of Supreme Decree N° 014-2008-JUS (Regulations of the Law of Extrajudicial Settlement). It is therefore expressly determined that the faculties granted cannot be questioned as insufficient, and it should at all times in the extrajudicial settlement proceeding, regardless of the specific matter, be considered that the requirements of the aforementioned regulation have been met.

In addition, the Procedural Representatives are explicitly authorized to represent the Company before any administrative

limitativamente, a iniciar, participar, comparecer y/o actuar en, cualquier procedimiento concursal preventivo u ordinario previsto en la Ley 27809 (y sus normas modificatorias y conexas) y/o el procedimiento acelerado de refinanciación concursal regulado en el Decreto Legislativo 1511 y/o cualesquiera otro procedimiento de similar naturaleza existente o que pudiera implementarse en el futuro, así como, de ser necesario, para solicitar el reconocimiento de procedimientos extranjeros en carácter de principales o no principales, pudiendo ejercer todos los derechos que le confiere la ley al efecto. Los Apoderados Procesales quedan, además, facultados para designar abogados patrocinantes y asumir ellos mismos el patrocinio, delegar poder y reasumirlo cuantas veces estimen necesario o conducente, con todas las facultades que por este instrumento se les confiere, obligando con ello a la Sociedad.

F.  Adicionalmente, autorizar y facultar a los Representantes, para que en nombre y representación de la Compañía, adopten (o causen la adopción de) cualquier otra medida, y para que realicen, firmen, suscriban, reconozcan y entreguen (y registren en una oficina pertinente del secretario del condado, si es necesario), y presenten todos los acuerdos (incluidos los elementos de prueba de los mismos), certificados, instrumentos, enmiendas, declaraciones juradas, órdenes, instrucciones, certificaciones, solicitudes, recibos, declaraciones de financiamiento u otros instrumentos y a pagar todos los gastos, incluidos, entre otros, los gastos de presentación, en cada

authority, and may, specially, although not limited, initiate, participate and /or appear in any ordinary or preventive bankruptcy proceeding (reorganization or liquidation) provided for in Law No. 27809 (and its modifications or related regulations) and/or the accelerated bankruptcy refinancing procedure regulated by Legislative Decree 1511 and/or any other procedure of a similar nature, whether currently existing or implemented in the future, as well as, if necessary, to request the recognition of foreign proceedings as main or ancillary proceedings, and may exercise all the rights conferred by the law to that effect. The Procedural Representatives are also empowered to appoint sponsoring attorneys (*patrocinantes*) and to assume sponsorship themselves, to delegate power of attorney and to reassume it as many times as they deem necessary or conducive, with all the powers conferred by this instrument, thus binding the Company.

F.  In addition to the specific authorizations heretofore conferred upon the Representatives, to authorize and empower the Representatives, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to make, sign, execute, acknowledge and deliver (and record in a relevant office of the county clerk, if necessary), and file any and all agreements(including exhibits thereto), certificates, instruments, amendments, affidavits, orders, directions, certifications, requests, receipts, financing statements or other instruments and to pay all expenses, including but not limited to filing fees, in each case as in such

caso, según el Representante considere necesario, aconsejable o deseable, a su discreción, para alcanzar completamente el propósito de los acuerdos anteriores, a celebrar y otorgar dichos instrumentos, y a cumplir plenamente las condiciones y disposiciones de los mismos.

G. Ratificar y confirmar en su totalidad todos los actos, acciones y operaciones relacionados con los acuerdos antes referidos, en la medida que puedan haber sido adoptados o ejecutadas en nombre y/o representación de la Sociedad y sujetos a los términos de los demás acuerdos de que da cuenta esta acta.

## 2. Formalización de Acuerdos

Finalmente, el Presidente señaló que resultaba conveniente delegar las facultades necesarias para suscribir todos los documentos públicos y/o privados que pudieran ser requeridos para los efectos de la formalización e implementación de los acuerdos adoptados por esta Junta, así como para su inscripción en los Registros Públicos.

Luego de la deliberación correspondiente, la Junta General de Accionistas por unanimidad acordó otorgar facultades suficientes a Boris Saldaña Solari, identificado con DNI N° 44255887 para que actuando individualmente y a sola firma, en nombre y representación de la Sociedad, otorgue y suscriba todos los documentos públicos y privados que sean necesarios para formalizar todos y cada uno de los acuerdos adoptados por esta Junta y proceda con su inscripción en los Registros Públicos.

No habiendo otro asunto por tratar, y siendo las 16:50, se levantó la sesión, previa

Representative or Representatives' judgment shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the foregoing resolutions, and to execute and deliver such instruments, and to fully perform the terms and provisions thereof.

G. To ratify and confirm in their entirety all the acts, actions and transactions related to the matters contemplated by the foregoing resolutions to the extent that any such acts, actions and transactions have been taken or executed in the name and on behalf of the Company of or subject to the terms of the other resolutions adopted herein.

## 2. Formalization of Agreements

Finally, the Chairman indicated that it was convenient to delegate the faculties to execute all public and/or private documents that may be required to formalize the agreements adopted by the shareholders, and their registration in the Public Registry.

After the corresponding deliberation, the shareholders unanimously agreed to grant authority to Boris Saldaña Solari identified with Peruvian ID 44255887 so that, acting individually and with sole signature, on behalf and in representation of the Company, he may grant and execute all public and private documents that are required to formalize the agreements adopted herein, and proceed with their recording in the Public registry.

| redacción, lectura, aprobación y suscripción de la presente acta en señal de conformidad por los asistentes. | There being nothing further to discuss, at 16:50, the meeting was adjourned prior to the drafting, reading, approval and execution of the minutes of this meeting by the attendees. |
| --- | --- |

Antonio Olórtegui Marky
Presidente

Antonio Olórtegui Marky
Secretario

Latam Airlines Group S.A.

Inversiones Aéreas S.A.

Sociedad Conyugal